833 F.2d 1014
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pearley M. WHITFIELD, Plaintiff-Appellant,
v.
Otis R. BOWEN, M.D., Secretary of Health & Human Services,
Defendant-Appellee.
 No. 86-1603.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1987.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges and WISEMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Pearley M. Whitfield appeals from the district court's order affirming the Secretary's decision to deny disability insurance benefits and supplemental security income benefits. After considering the parties' briefs and the record below, we conclude that the Secretary's decision is supported by substantial evidence. Accordingly, we affirm the order of the district court.
 
 
 2
 * Whitfield was born on May 13, 1928. She was last employed as a machine operator at the Olsonite Corporation from 1972 until 1980. Before Olsonite, Whitfield worked as a shirt press operator for a dry cleaning establishment from 1965 until 1971.
 
 
 3
 In early 1984, Whitfield filed applications for disability insurance benefits and supplemental security income benefits, alleging she became disabled on October 1, 1980.[1] At a hearing before an Administrative Law Judge (ALJ), she alleged disability because of a combination of impairments; crushing chest pain which radiated down her left arm and fingers; hypertension; arthritis of the spine and the knees; bursitis in the shoulder; and dizziness and chronic anxiety.
 
 
 4
 The ALJ held that Whitfield was not entitled to benefits. The ALJ determined that Whitfield was suffering from "hypertension, angina pectoris, arthritis and degenerative disc disease of the lumbosacral spine," but she did not have an impairment or combination of impairments which met or equaled those in the listing of impairments in Appendix 1 to Subpart P of Part 404. 20 C.F.R. Sec. 404.1520(d). He further found that Whitfield retained the residual functional capacity to perform work activities except those involving heavy lifting and carrying. Since her past relevant work as a shirt press operator did not require the performance of the above mentioned work limitations, the ALJ concluded that Whitfield could perform this past relevant work. Consequently, the ALJ determined that Whitfield was not disabled.
 
 
 5
 The Appeals Council denied Whitfield's request for review of the ALJ's decision, which became the final decision of the Secretary. On April 22, 1986, the district court affirmed, finding substantial evidence to support the Secretary's decision.
 
 II
 
 6
 Our review of the Secretary's decision is limited to determining whether it is supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). A reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984) (citation omitted). "Even if the court might arrive at a different conclusion, the decision must be affirmed if supported by substantial evidence." Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir.1987) (citation omitted).
 
 
 7
 Whitfield argues primarily that the medical evidence concerning her various ailments is uncontradicted and points inexorably to the conclusion that she cannot perform her past relevant work as a shirt press operator. We disagree.
 
 
 8
 Substantial evidence supports the ALJ's determination that Whitfield's "musculoskeletal impairments would not preclude her from performing light duty exertional activities similar to her job as a presser in a dry cleaning establishment." The orthopedic evidence establishes that Whitfield suffers from lumbosacral strain, and degenerative arthritis and disc disease of the spine. Nevertheless, Dr. Helen Winkler examined Whitfield in July 1982 and reported full range of motion of the cervical and lumbosacral spines. Straight leg raising and Patrick's testing were negative. Reflexes were active, and sensation was intact. Dr. Michael Fugle and Dr. Rasik Parikh reached similar conclusions during examinations in September 1983 and May 1984, respectively. Dr. Fugle also indicated that Whitfield was able to "toe touch to the floor" and to heel and toe walk normally.
 
 
 9
 Substantial evidence also supports the ALJ's conclusion that Whitfield's heart condition does not prevent her from working as a shirt press operator. Dr. Winkler, Dr. Parikh and Whitfield's treating physician, Dr. Clarence McRipley, noted the presence of angina pectoris. However, none of these physicians indicated that the angina was severe, disabling or of sufficient magnitude to warrant placing any limitations on her.[2] Significantly, Dr. Parikh, who examined Whitfield twice in May 1984, reported that "typical ischemic changes could not be elecited [sic] at submaximal level[s]" during a treadmill EKG. He and Dr. McRipley found that Whitfield's episodes of pain were promptly relieved by rest and nitroglycerin. Dr. Winkler reported that rest alone relieved the pain. Moreover, physical examinations consistently revealed a normal heart rate and rhythm without murmurs, gallops or abnormal heart sounds. Nor was there any evidence suggestive of a serious heart abnormality.
 
 
 10
 The medical evidence also fails to substantiate Whitfield's claim of chronic anxiety. There are no signs of cognitive deterioration or disorientation. Instead, the evidence clearly indicates that she is fully capable of performing the daily functions necessary for employment. In addition, the ALJ properly considered Whitfield's appearance and behavior at the hearing, during which she was "alert, attentive, responsive," without displaying "any impairment in terms of her memory or concentration." The ALJ also observed that Whitfield "did not appear to be nervous, anxious or depressed."
 
 
 11
 We also agree with the ALJ's conclusion with respect to Whitfield's claim of severe dizziness:
 
 
 12
 The claimant's medical history does not indicate significant or continued concern with regard to her dizziness and a clear inference must be raised that the claimant did not and does not now have dizziness in the severity and consistency that has been alleged. In addition, none of the treating or examining physicians report any abnormal neurological findings to substantiate the claimant's subjective complaints of dizziness.
 
 
 13
 Finally, the ALJ's conclusion that Whitfield's hypertension is not a barrier to her working as a shirt press operator is also well supported by the record. The medical evidence documents a history of only mild to moderate hypertension. Dr. Parikh believed that her blood pressure could be better controlled with proper medication.
 
 
 14
 In evaluating Whitfield's ability to perform her past relevant work, the ALJ considered the medical evidence in relation to the physical demands of the work involved. See Social Security Ruling 82-62. Whitfield testified that her job as a shirt press operator required constant standing, but little physical exertion. She did not lift more than a single shirt at any given time, and the press was operated by buttons. Although we recognize there is some conflicting medical evidence concerning her various ailments, we are satisfied based on the foregoing that the Secretary's decision is supported by substantial evidence.
 
 
 15
 Whitfield's remaining contentions need not detain us long. She argues that the ALJ failed to consider the disabling side effects of her medication. However, she has not produced medical evidence that she suffers from any side effects and no physician's report has so indicated. The ALJ properly refused to speculate on this issue.
 
 
 16
 Lastly, Whitfield argues that the ALJ improperly discounted her claims of disabling pain in her chest and back. The ALJ considered the medical evidence in evaluating Whitfield's complaints of pain and found her testimony to lack credibility. "[T]olerance of pain is a highly individual matter and a determination of disability based on pain by necessity depends largely on the credibility of the claimant." Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.1984). The ALJ made an adverse credibility finding, and his conclusion should not be lightly discarded. Villarreal v. Secretary of Health and Human Services, 818 F.2d 461, 463 (6th Cir.1987). Based on our review of the medical evidence, we cannot say he was in error.
 
 
 17
 After reviewing the medical records, we agree with the district court that the ALJ's determination that Whitfield's impairments do not prevent her from performing her past relevant work as a shirt press operator is supported by substantial evidence. Accordingly, the district court's order affirming the Secretary's denial of benefits is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief United States District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 Whitfield also applied for widow's disability benefits. The Secretary denied her application, and the district court affirmed. She does not raise this issue on appeal
 
 
 [2]
 Indeed, as late as January 1984, Dr. McRipley had not performed any EKG tests despite Whitfield's complaints of chest pain, suggesting that he did not view the angina as severe